Filed 6/1/15  P. v. King CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076193 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F00092) |
| v. | |
| KEVIN EUGENE KING, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kevin Eugene King has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged by criminal complaint with possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) (count one), second degree burglary in violation of Penal Code section 459 (count two),[1] and petty theft with priors in violation of section 666 (count three). With regard to count three, the complaint alleged four prior convictions for which defendant was imprisoned as a condition of probation. The complaint further alleged two prior serious felony convictions within the meaning of sections 667.5, subdivision (c) and 1192.7, subdivision (c).

Defendant pleaded no contest to count three in exchange for a low-term sentence of 16 months in state prison. He also agreed to a *Cruz* waiver,[2] allowing him to be released until sentencing subject to the conditions that he appear in court on February 6, 2014, for the sentencing hearing and be prepared to surrender, that he stay away from the Food Source store on Mack Road in Sacramento, and that he obey all laws. The trial court advised defendant, and defendant agreed, that he would not have the right to withdraw his plea under the *Cruz* waiver, and in the event he failed to abide by the conditions of the waiver, he would be subject to the maximum upper term of three years in state prison. The factual basis to substantiate the plea is as follows:

On January 3, 2013, defendant stole food from the Food Source located on Mack Road in Sacramento. Defendant had previously been convicted of the following offenses,

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*).

for which he served terms of imprisonment as a condition of probation: a 1989 burglary, a 1994 burglary, a 2003 petty theft, and a 2009 petty theft with a prior.

At the February 6, 2014, sentencing hearing, the trial court found defendant violated the conditions of his *Cruz* waiver when, on January 31, 2014, he was arrested and charged with misdemeanor violations of Health and Safety Code section 11364 and Penal Code section 647, subdivision (f). The charges arose after the Sacramento County Sheriff's Department responded to a call involving an argument between defendant and his brother and discovered defendant was under the influence of methamphetamine and in possession of drug paraphernalia. The court denied probation and sentenced defendant to state prison for the upper term of three years, awarding him 28 days of custody credits plus 28 days of conduct credits. (§ 4019.) The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)(1)) and imposed but stayed a parole revocation restitution fine in the same amount (§ 1202.45). The court further imposed a $30 court facility fee (Gov. Code, § 70373) and a $40 court security (now operations) fee (§ 1465.8, subd. (a)(1)), and ordered victim restitution (§ 1202.4, subd. (f)). The court granted the People's motion to dismiss all remaining charges, and the People agreed not to file new charges based on the incident between defendant and his brother, in the interest of justice.

Defendant filed a timely notice of appeal. The trial court denied his request for a certificate of probable cause. (§ 1237.5.)

On December 4, 2014, pursuant to Proposition 47 (adding § 1170.18; approved by the voters, Gen. Elec. (Nov. 4, 2014)), the trial court redesignated defendant's felony conviction for petty theft with priors (§ 666) as a misdemeanor conviction for petty theft (§ 484) and modified his sentence to one year in the county jail with credit for time served of 319 actual days, followed by one year of parole.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal.

3

(*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising various claims, portions of which are unintelligible. As we explain, none of those claims, to the extent we can decipher them, has merit. As for those claims which refer to matters that are not part of the record on appeal, we decline to consider them. (*People v. Jenkins* (2000) 22 Cal.4th 900, 952; accord, *People v. Szeto* (1981) 29 Cal.3d 20, 35; Cal. Rules of Court, rule 8.204(a)(2)(C).) The same is true for claims made in passing and without factual or legal analysis. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647.)

## A.     *Wende* **Brief**

Defendant takes issue with appellate counsel's decision to file a *Wende* brief, questioning counsel's motives and approach. In the absence of supporting facts, defendant fails to establish any failure on the part of appellate counsel to diligently review the record or determine whether arguable issues exist.

## B.     **Defendant's Supplemental Brief**

Defendant contends his plea bargain was "taken off of the table egregiously without good cause and taken away in bad faith." He claims he did not violate his *Cruz* waiver because he "obeyed all laws," he stayed away from Food Source on Mack Road, he "showed up" for sentencing on the allotted date and time, and he "was not in possession of any controlled substance." He further claims that, although he had an argument with his brother, he "didn't break any laws." The record belies some of those claims.

The record is clear that, as a condition of defendant's release on the *Cruz* waiver, the trial court imposed several conditions, including that defendant "obey all laws." Based on the information contained in the Sacramento County Sheriff's Department report and supporting documentation, the trial court found, by a preponderance of the

4

evidence, that defendant had committed drug-related offenses, thus violating the "obey all laws" condition. As a result of defendant's failure to abide by the terms and conditions of his *Cruz* waiver, the trial court was no longer bound by defendant's 16-month plea agreement and, upon a determination of the facts by a preponderance of the evidence, was at liberty to sentence defendant to the maximum term.

Defendant argues the court assured him that, in the event the court rejected his plea, he would be allowed to withdraw it. Defendant mistakes the court's finding that he violated the *Cruz* waiver as a rejection of his plea. Given the court's finding that defendant violated his *Cruz* waiver by failing to obey all laws, he had no right to withdraw his plea.

Defendant claims he suffered ineffective assistance of counsel in several respects. First, he contends he did not agree to dismissal of the charges in the police report because he did not commit those new offenses. However, the court found a preponderance of evidence showed otherwise. In any event, defendant's consent was not required for dismissal of those charges.

Second, defendant contends his court appointed trial attorney failed to inform him that his plea bargain was being taken away. Again, defendant is mistaken. The court did not reject defendant's plea bargain or take it away. Defendant's failure to abide by the condition to "obey all laws" violated his *Cruz* waiver, which resulted in imposition of the maximum sentence.

Third, defendant claims he did not understand the terms of the plea bargain or notice that an *Arbuckle* waiver had been entered,[3] and argues in passing that he never agreed to the *Cruz* waiver. Because defendant's request for a certificate of probable cause was denied, his challenges to the validity of the plea are not properly before us on

---

[3] *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*).

5

appeal. (§ 1237.5.) In any event, the record shows the trial court walked defendant through the terms, conditions, and consequences of both his plea and his *Cruz* waiver, and asked defendant if he understood and agreed. Defendant stated that he did. The court also noted the possibility it would not be present at the time of sentencing and inquired whether defendant agreed that another judge could impose sentence. Defendant responded, "That would be a yes," to which the court replied, "All right. An Arbuckle [w]aiver is entered."

Fourth, defendant claims his trial attorney failed to advise him he had a "standing right to withdraw his plea bargain." Defendant had no such right. As the court explained, defendant "would not have the right to withdraw [his] plea" if the court determined, by a preponderance of the evidence, that defendant had failed to abide by any of the conditions of the *Cruz* waiver. That is precisely what occurred here.

Fifth, defendant claims neither his trial counsel nor his appellate counsel took the time to investigate who placed the call to the sheriff's department regarding the conflict between defendant and his brother, a point that defendant believes could have helped prove his innocence as to the new charges. Even assuming that were true, the charges constituting the violation of the *Cruz* waiver were related not to the dispute between defendant and his brother, but rather to the drug paraphernalia found in defendant's backpack when law enforcement officers arrived on the scene.

Defendant claims the court's January 23, 2014, minute order shows someone crossed out the notation that he entered an *Arbuckle* waiver and noted instead that he entered a *Cruz* waiver. Our review of the trial court's order does not reveal any such modification.

Finally, defendant claims that, for various reasons, he should be permitted to withdraw his plea. Again, in the absence of a certificate of probable cause, that claim is not properly before us on appeal.

6

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                        RAYE          , P. J.



We concur:



        BLEASE          , J.



        HULL            , J.

7